UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,**<br><br>*Defendants*. | Case No. 1:25-cv-1638 (AJT-WBP) |
| **COMMONWEALTH OF VIRGINIA, STATE OF ARIZONA, STATE OF CONNECTICUT, STATE OF NEW YORK, and STATE OF WASHINGTON,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,**<br><br>*Defendants*. | Case No. 1:25-cv-1647 (AJT-WBP) |

## ORDER

Presently before this Court are several discovery-related issues in the above-captioned action. The parties, after several meet-and-confer sessions, have reached agreement on certain of these issues; on other issues, they have presented their respective positions to this Court for resolution. Through the instant order, this Court has adopted the parties' agreements and memorialized the oral rulings that it provided at a hearing held on January 20, 2026.

As such, it is hereby

ORDERED that Defendants shall produce documents and data responsive to Plaintiffs' First Set of Requests for Production 26, 27, and 28 (Zillow) and 29, 30, and 31 (Redfin) by January 21, 2026; it is further

ORDERED that Defendants shall produce documents and data responsive to Plaintiffs' First Set of Requests for Production 3, 5, 10, 11, 12, 14, 16, 18, 20, 21, 29, 31, 32, and 34 (Zillow) and 3, 5, 10, 12, 13, 15, 17, 19, 22, 23, 24, 32, 34, 35, and 37 (Redfin) by January 30, 2026; it is further

ORDERED that Defendants shall produce documents and data responsive to Plaintiffs' First Set of Requests for Production 1, 2, 4, 6, 7, 8, 9, 13, 15, 17, 19, 22, 23, 24, 25, 30, 33, 35, and 36 (Zillow) and 1, 2, 4, 6, 7, 8, 9, 11, 14, 16, 18, 20, 21, 25, 26, 27, 28, 33, 36, 38, and 39 (Redfin) by February 13, 2026; it is further

ORDERED that, with respect to Jeremy Wacksman, Defendants Zillow Group, Inc. and Zillow, Inc. (collectively, "Zillow") shall produce (1) all communications between Mr. Wacksman and the Chief Executive Officer of Redfin Corporation ("Redfin") **regarding the Partnership Agreement or Content Licensing Agreement (collectively, the "Agreements") at issue in the instant civil action** on which no other Zillow custodian was copied; (2) all communications with other Redfin representatives **regarding the Agreements** on which no other Zillow custodian was copied; (3) all communications between Mr. Wacksman and members of the Zillow Board of Directors regarding the Agreements on which no other Zillow custodian was copied; (4) any personal notes authored by Mr. Wacksman regarding the Agreements; and (5) a declaration executed by Mr. Wacksman describing the nature of his involvement in the Agreements and attesting that, aside from the materials produced by him

pursuant to this Order, and to the best of his knowledge, he is not aware of additional relevant materials in his custody or control that will not be provided by other custodians in this litigation; it is further; it is further

ORDERED that, with respect to Richard Barton and Lloyd Frink, Defendant Zillow shall produce (1) all communications between Mr. Barton and/or Mr. Frink and representatives of Redfin **regarding the Agreements** on which no other Zillow custodian was copied; (2) any personal notes **regarding the Agreements** authored by Mr. Barton or Mr. Frink; and (3) declarations executed by Mr. Barton and Mr. Frink describing the nature of their involvement in the Agreements and attesting that, aside from the materials produced by them pursuant to this Order, and to the best of their knowledge, they are not aware of additional relevant materials in their custody or control that will not be provided by other custodians in this litigation; it is further

ORDERED that, with respect to Brad Owens, Defendant Zillow shall produce (1) all external, non-privileged communications **regarding the Agreements** between Mr. Owens and the General Counsel of Redfin on which no other Zillow custodian was copied; (2) all external, non-privileged communications **regarding the Agreements** between Mr. Owens and any representative of any other internet listing service on which no other Zillow custodian was copied; and (3) a declaration executed by Mr. Owens describing the nature of his involvement in the Agreements and attesting that, aside from the materials produced by him pursuant to this Order, and to the best of his knowledge, he is not aware of additional non-privileged, relevant materials that will not be provided by other custodians in

this litigation; and it is further

ORDERED that, with respect to Steve Lake, Emily Eustis, Matt Smith, and Arnaud Berube, Defendant Zillow shall produce declarations executed by Mr. Lake, Ms. Eustis, Mr. Smith, and Mr. Berube attesting (1) to his or her general roles and responsibilities within Zillow, including whom they report or reported to, (2) **to his or her specific role with respect to the Agreements**, and (3) that **to the best of their knowledge, the materials they prepared concerning the Agreements are either located in the files of designated custodians or were assimilated into work product located in the files of designated custodians.**

Date: February 5, 2026

_____
William B. Porter

Alexandria, Virginia                           UNITED STATES MAGISTRATE JUDGE