**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>*Plaintiff*,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW INC.,<br>AND REDFIN CORPORATION,<br><br>*Defendant*s. | Civil Action No. 1:25-cv-1638 |
| COMMONWEALTH OF VIRGINIA,<br>STATE OF ARIZONA,<br>STATE OF CONNECTICUT,<br>STATE OF NEW YORK, and<br>STATE OF WASHINGTON,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC.,<br>and REDFIN CORPORATION,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1647 |

**ANSWER OF DEFENDANTS ZILLOW GROUP, INC. AND ZILLOW INC. TO THE**
**FEDERAL TRADE COMMISSION'S COMPLAINT FOR INJUNCTIVE AND OTHER**
**EQUITABLE RELIEF**

**Introduction**

The Federal Trade Commission and States ("Plaintiffs") ask this Court to unwind a procompetitive business partnership between Zillow and Redfin based on allegations that are directly contradicted by the facts—including facts conspicuously absent from the Complaint.

The Complaint starts from the false premise that Redfin was a "key," "aggressive," and "ris[ing]" internet listing service ("ILS") before the Partnership. [1] But documents, public statements, and testimony will tell a very different story. The Complaint notes that Redfin purchased RentPath in 2021 [2] but omits that RentPath was *in bankruptcy* after years of failing to compete. [3] Redfin had visions of combining with RentPath's properties (such as Rent.com) and "grab[bing] share, handover [sic] fist" from competitors. [4] But despite years of investment, Redfin reached the same conclusion RentPath did: it could not meaningfully grow its inventory of multifamily apartment properties, and without inventory, it could not attract renters. By late 2024, Redfin was buckling under more than $800 million in debt with no realistic path to becoming a meaningful competitor. Redfin's stock tells the tale: it fell from over $90 per share when Redfin bought RentPath in February 2021 to less than $7 per share when Redfin entered the Partnership in February 2025—a 92% decline. [5]

Facing this bleak reality—not the rosy picture in the Complaint—Redfin decided to make a change and exclusively syndicate multifamily listings through a third party, ultimately selecting Zillow. This was hardly a novel or nefarious strategy: for nearly a decade, smaller ILSs have filled inventory gaps through syndication from larger competitors, frequently by way of exclusive syndication agreements. Zillow's syndication immediately injected tens of thousands of new apartment listings onto Redfin's websites, giving renters significantly more options—including

---

[1] Order 2 n.3, Dkt. No. 154 [hereinafter Motion to Dismiss Order] (reciting Complaint allegations regarding Redfin in holding the Complaint is plausible).

[2] *See* Compl. ¶¶ 4, 32, Dkt. Nos. 2, 9.

[3] *See* RentPath Holdings, Inc., Unaudited Financial Information for the Period Ended March 30, 2021 at 8 (Form 8-K/A Ex.-99.2) (June 21, 2021) (describing how Redfin's offer to acquire RentPath occurred while RentPath was in bankruptcy proceedings), https://www.sec.gov/Archives/edgar/data/1382821/000138282121000222 /a992historicalunauditedcon.htm#id4edab9139864889a07fc0041cf5687b_19 (last accessed May 18, 2026).

[4] Compl. ¶ 5.

[5] *See* Redfin Corporation (RDFN), Stock Analysis, https://stockanalysis.com/stocks/rdfn/history/ (last accessed May 18, 2026).

*lower-cost* apartments. Plaintiffs' case thus rests on repudiating increased consumer choice—a benefit that is unquestionably procompetitive. As Plaintiffs remarkably told the Court: "we absolutely do not believe that getting as many [apartment] listings as possible on an I[L]S is a benefit for renters."[6]

Nor will Plaintiffs prove any other harm to renters. They have suggested the Partnership increased the "cost of housing"[7] but there will be zero economic evidence supporting that claim at trial. And despite alleging that the Partnership will "'reduce Redfin's ability and incentive to compete for renters, including through investment and innovation to attract visitors and improve the user experience,'"[8] the opposite is true. The $100 million initial payment and per-lead payments Redfin received through the Partnership enabled it to address its financial distress and make concrete improvements to its consumer-facing websites, boosting its brand. Thus, although "[c]entral to Plaintiffs' claim" of alleged anticompetitive conduct is "an alleged $100 million payment from Zillow,"[9] that payment and the broader partnership structure *increased* competition for renters and benefited American renters when they need it most.

Property management companies—the other side of this two-sided market—have likewise benefited. The Complaint's assertion that the Partnership "will result in reduced choice, higher prices, and reduced quality for multifamily rental advertising customers and will provide no cognizable procompetitive benefits"[10] is untethered to reality. The evidence will show that the Partnership has (1) increased the volume of leads and leases and (2) decreased cost per lead for property management companies listing through the Zillow/Redfin network.

---

[6] Mot. to Dismiss Hr'g Tr. 22:10-12 (Feb. 25, 2026).
[7] Mot. to Dismiss Hr'g Tr. 8:7-10 (Judge Trenga: "As I understand it, their other argument is the cost of housing that's being advertised is going to increase because of this arrangement Zillow can require higher advertising fees.").
[8] Motion to Dismiss Order 3 (quoting Plaintiffs' Opposition at 22–25).
[9] Motion to Dismiss Order 2.
[10] Compl. ¶ 9.

Both sides agree on at least one thing: this Partnership has been in place for over a year, and its validity should be judged on real-world results. The evidence will show that renters and property management companies alike are better off because of the Partnership and that unwinding it would harm the very consumers the antitrust laws are designed to protect.

### Responses to Specific Allegations

Defendants Zillow Group, Inc. and Zillow Inc. (collectively, "Zillow"), by and through its undersigned counsel, respond to the Complaint for Injunctive and Other Equitable Relief filed by Plaintiff Federal Trade Commission on September 30, 2025 (Dkt. Nos. 2, 9).

All allegations not expressly admitted herein are denied. Any factual allegation admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations that are contained in the allegation or in the Complaint as a whole. Unless otherwise noted, Zillow does not interpret the table of contents, footnotes, appendices, headings, subheadings, photographs, charts in the Complaint, or any other allegations not contained in one of the Complaint's 105 numbered paragraphs, as well-plead allegations to which any response is required. To the extent such a response is required, they are denied. Zillow reserves the right to amend and/or supplement this Answer.

This statement is incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

1. As to the first sentence of Paragraph 1, Zillow admits that it believes there are nearly 49 million rental units in the United States but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding the percentage of rentals in the overall housing market in the United States. To the extent the remainder of the first sentence purports to quote from a document, Zillow respectfully refers the Court to that document. As to the second sentence, Zillow admits that ILSs are one tool for renters to search for available rentals and that

4

property management companies ("PMCs") pay ILSs to advertise their vacant units to renters, but Zillow otherwise denies the allegations, including that ILSs are purportedly one of the "most important" tools for renters. As to the third and fourth sentences, Zillow admits that leads are generated for PMCs from renter inquiries, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

2.      The first sentence of Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, Zillow denies the allegations. As to the second sentence, Zillow admits that it and Redfin operate two rental ILS networks in the United States, but otherwise denies the allegations, including that a relevant market consists only of ILS advertising or that Zillow was one of the three leading rental ILS networks.

3.      To the extent the first and second sentences of Paragraph 3 reference or quote from a document, Zillow respectfully refers the Court to that document. Further, Zillow denies the allegations as a mischaracterization of those documents. As to the third sentence, Zillow admits the allegations. As to the fourth sentence, Zillow denies the allegations as a mischaracterization of Zillow's syndication agreement with Realtor.com.

4.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4. To the extent Paragraph 4 purports to quote from a document, Zillow respectfully refers the Court to that document.

5.      Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5. To the extent Paragraph 5 purports to quote from a document, Zillow respectfully refers the Court to that document.

6.      Paragraph 6 consists of legal conclusions that require no response. To the extent a response is required, Zillow admits that it entered into an agreement with Redfin on February 6, 2025 that was memorialized through two documents, and denies all other allegations.

7.      As to the first sentence of Paragraph 7, Zillow admits that it paid Redfin $100 million as described in the Partnership Agreement. Zillow otherwise denies the allegations. As to the second sentence, the allegations purport to describe and quote from documents, and Zillow respectfully refers the Court to those documents. Further, Zillow denies the allegations as a mischaracterization of those documents. As to the third sentence, the allegations purport to describe documents, and Zillow respectfully refers the Court to those documents. Further, Zillow denies the allegations as a mischaracterization of those documents.

8.      The first sentence of Paragraph 8 purports to describe documents, and Zillow respectfully refers the Court to those documents. Zillow denies the allegations as a mischaracterization of those documents. As to the first two clauses of the second sentence, Zillow lacks knowledge or information sufficient to form a belief. Zillow denies all other allegations in that sentence. Further, to the extent the second sentence describes documents, Zillow respectfully refers the Court to those documents. Zillow denies the allegations in the third sentence. The remainder of Paragraph 8 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.

9.      Paragraph 9 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

10.      Zillow admits that the Zillow-Redfin Partnership was not reported under the Hart-Scott-Rodino Act. The remainder of Paragraph 10 is a legal conclusion that requires no response. To the extent a response is required, Zillow denies all other allegations.

6

11.     Paragraph 11 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations.

12.     Paragraph 12 contains a legal conclusion that requires no response. Zillow does not currently intend to contest this Court's subject matter jurisdiction.

13.     Paragraph 13 contains a legal conclusion that requires no response. Zillow does not currently intend to contest this Court's personal jurisdiction over Zillow.

14.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     The first and second sentence of Paragraph 15 contains a legal conclusion that requires no response. Zillow does not currently intend to contest that this Court is a proper venue. As to the third and fourth sentences, Zillow admits that it displays listings in the Commonwealth of Virginia, but denies knowledge as to Redfin's listings displayed in the same.

16.     Paragraph 16 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations.

17.     Paragraph 17 contains a legal conclusion that requires no response. To the extent a response is required, Zillow respectfully refers the Court to Section 4 of the FTC Act.

18.     Paragraph 18 consists of legal conclusions that require no response. To the extent a response is required, Zillow respectfully refers the Court to Section 7 of the Clayton Act, Section 5 of the FTC Act, and Section 13(b) of the FTC Act.

19.     Paragraph 19 contains a legal conclusion that requires no response. To the extent a response is required, Zillow respectfully refers the Court to Section 13(b) of the FTC Act.

20.     Admitted.

21.     Admitted.

22.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24.     As to the first sentence of Paragraph 24, Zillow lacks knowledge or information sufficient to form a belief as to the allegations. As to the second sentence, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the second sentence purports to describe and quote from documents, Zillow respectfully refers the Court to those documents. As to the third and fourth sentences, Zillow admits that (1) single family homes for rent and buildings with a few units are often managed by a landlord, (2) larger multifamily rental properties are sometimes managed by PMCs, and (3) PMCs manage properties on behalf of owners and investors. Zillow otherwise lacks knowledge or information sufficient to form a belief as to the remainder of allegations in Paragraph 24.

25.     As to the first sentence of Paragraph 25, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations. As to the second sentence, Zillow admits that ILSs offer tools such as photo galleries, mapping functions, and targeted advertising. Zillow otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations. As to the last sentence, Zillow denies the allegations.

26.     As to the first sentence of Paragraph 26, Zillow admits that advertising customers use rental ILSs to advertise their properties. Zillow denies all other allegations, including that "[r]ental ILSs are a 'primary' marketing channel." The remainder of Paragraph 26 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.

8

To the extent a response is required, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

27. Zillow denies the allegations in the first sentence of Paragraph 27. As to the second and third sentences, Zillow admits that it competes for advertising customers' listings by offering broad exposure to and engagement from potential renters and that it seeks to provide prospective renters with a broad selection of listings that match renters' preferences. Otherwise, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations. As to the fourth sentence, Zillow denies the allegations.

28. The first sentence of Paragraph 28 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations. As to the second sentence of Paragraph 28, Zillow denies the allegations. The third sentence purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents. As to the last sentence of Paragraph 28, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, Zillow denies the allegations.

29. As to the first and second sentences of Paragraph 29, Zillow admits that it began operating a rental ILS in the 2010s and that it acquired HotPads and Trulia in 2012 and 2015, respectively. Zillow otherwise denies the allegations in the first and second sentences. Zillow denies the allegations in the third sentence. The fourth sentence purports to quote from documents, and Zillow respectfully refers the Court to those documents.

30. As to the first sentence of Paragraph 30, Zillow admits that it focuses on growing listings and viewers. Zillow denies all other allegations, including that it "achieved . . . market

9

leader status in rental ILS advertising." The second sentence of Paragraph 30 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.

31.    Zillow admits that CoStar is a leading ILS, but otherwise denies that CoStar is the "only" other leading ILS besides Zillow and Redfin. Zillow further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31.

32.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33.    Zillow denies the allegations in the first sentence of Paragraph 33. The second sentence of Paragraph 33 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations

34.    Denied.

35.    As to the first sentence of Paragraph 35, Zillow admits that it entered into an agreement with Redfin on February 6, 2025. Otherwise, the allegations are legal conclusions to which no response is required. To the extent a response is required, Zillow denies the allegations. The remainder of Paragraph 35 consists of legal conclusions that require no response. To the extent a response is required, Paragraph 35 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. Further, Zillow denies the allegations as a mischaracterization of the documents

36.    The first sentence of Paragraph 36 purports to describe and quote from a document, and Zillow respectfully refers the Court to that document. To the extent the remainder of Paragraph 36 consists of legal conclusions, no response is required. In addition, the remainder of Paragraph 36 purports to describe and quote from other documents, and Zillow respectfully refers the Court

to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

37. Paragraph 37 consists of legal conclusions that require no response. Furthermore, Paragraph 37 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

38. Paragraph 38 consists of legal conclusions that require no response. Furthermore, Paragraph 38 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

39. Paragraph 39 consists of legal conclusions that require no response. Furthermore, Paragraph 39 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

40. Paragraph 40 consists of legal conclusions that require no response. Furthermore, Paragraph 40 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

41. Paragraph 41 consists of legal conclusions that require no response. Furthermore, Paragraph 41 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

11

42.     Paragraph 42 consists of legal conclusions that require no response.  Furthermore, Paragraph 42 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.  To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

43.     Paragraph 43 consists of legal conclusions that require no response.  Furthermore, Paragraph 43 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.  To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

44.     Paragraph 44 consists of legal conclusions that require no response.  Furthermore, Paragraph 44 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.  To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents.

45.     Denied.

46.     Zillow admits that it received certain information regarding Redfin's multifamily advertising customers pursuant to the Agreements, and denies all other allegations in Paragraph 46.

47.     As to the first sentence of Paragraph 47, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  Zillow admits the allegations in the second sentence of Paragraph 47.

48.     As to the first sentence of Paragraph 48, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  As to the second sentence, Zillow admits receiving certain sales related information from Redfin. As to the third sentence, Zillow denies using the information as alleged, and otherwise admits the allegations.

49.    Zillow admits the allegations in the first clause of Paragraph 49.  As to the remaining allegations, Zillow denies on the grounds that the allegations are vague.

50.    Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51.    As to the first sentence of Paragraph 51, Zillow admits the allegations.  To the extent the remaining allegations in Paragraph 51 contain legal conclusions, no response is required.  To the extent a response is required, Zillow denies the remaining allegations in Paragraph 51.

52.    Zillow denies the allegations in Paragraph 52 on the grounds that the services it provides to advertising customers are not "distinct" from the services it provides to prospective renters.

53.    Paragraph 53 consists of legal conclusions that require no response.  To the extent a response is required, Zillow denies the allegations.

54.    Paragraph 54 contains a legal conclusion that requires no response.  To the extent a response is required, Zillow denies the allegations.

55.    The first sentence of Paragraph 55 is a legal conclusion that requires no response.  To the extent a response is required, Zillow denies the allegations, including that there are no reasonably interchangeable substitutes for ILS advertising.  The second sentence purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.  As to the third sentence, Zillow denies the allegations.

56.    As to the first sentence, Zillow admits the allegations of Paragraph 56.  The second sentence purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.  As to the third sentence, Zillow denies the allegations.

57.    The first sentence of Paragraph 57 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations. As to the second sentence, the term "communications with investors," is vague, and Zillow denies the allegations on that ground. To the extent the allegations purport to describe documents, Zillow respectfully refers the Court to those documents. Further, Zillow denies the allegations as a mischaracterization of the documents.

58.    The allegations in Paragraph 58 consist of legal conclusions that require no response. To the extent a response is required, Zillow admits that ILSs enable advertising customers to reach prospective renters and prospective renters to find available units, and denies all other allegations in Paragraph 58.

59.    As to the first and second sentences of Paragraph 59, Zillow denies the allegations. The third sentence purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents. As to the fourth sentence, Zillow denies the allegations. As to the fifth sentence, Zillow admits that Zillow has offered tools that use social media advertising to boost the efficacy of advertising on ILS. Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to Redfin. Finally, Zillow denies all other allegations.

60.    As to the first sentence of Paragraph 60, Zillow admits that offering ILS advertising requires developing a large base of both listings and search customers. Zillow denies all other allegations, including that "only specialized vendors offer ILS advertising." Zillow denies all other allegations in Paragraph 60.

61.    As to the first sentence of Paragraph 61, Zillow denies the allegations. As to the second and third sentences, Zillow admits the allegations. As to the fourth and fifth sentences,

Zillow denies the allegations. As to the sixth sentence, Zillow admits the allegations. Zillow denies all other allegations in Paragraph 61.

62.    The allegations in Paragraph 62 consist of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

63.    The allegations in Paragraph 63 consist of legal conclusions that require no response. Furthermore, the allegations in the first sentence purport to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents. Zillow denies the remaining allegations.

64.    The allegations in Paragraph 64 consist of legal conclusions that require no response. Furthermore, the allegations in the first sentence purport to describe and quote from documents, and Zillow respectfully refers the Court to those documents. To the extent a response is required, Zillow denies the allegations as a mischaracterization of the documents. As to the second, third, and fourth sentences, Zillow denies the allegations.

65.    Paragraph 65 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations.

66.    As to the first sentence of Paragraph 66, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations. As to the second sentence, the allegations purport to describe and quote from documents, and Zillow respectfully refers the Court to those documents. Zillow denies the allegations in the remainder of Paragraph 66.

67.    As to the first sentence of Paragraph 67, Zillow admits that it engages in national brand marketing. To the extent that the first sentence describes and quotes from documents when asserting that Zillow "publicly describes itself as building a 'nationwide marketplace'", Zillow

respectfully refers the Court to those documents.  Zillow otherwise denies the allegations in the first sentence.  As to the second sentence, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  As to the third sentence, Zillow denies the allegations.

68.    To the extent the allegations in Paragraph 68 purport to describe documents, Zillow respectfully refers the Court to those documents.  Further, Zillow denies the allegations as a mischaracterization of those documents.

69.    Paragraph 69 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations..

70.    Paragraph 70 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations.

71.    Paragraph 71 purports to describe and quote from documents, and Zillow respectfully refers the Court to those documents.

72.    Paragraph 72 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations..

73.    Paragraph 73 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

74.    Paragraph 74 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

75.    Paragraph 75 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations.

76.    Paragraph 76 contains a legal conclusion that requires no response. To the extent a response is required, Zillow denies the allegations.

16

77.    Paragraph 77 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

78.    Paragraph 78 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

79.    Paragraph 79 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

80.    Paragraph 80 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

81.    The first and second sentences of Paragraph 81 purport to describe and quote from documents, and Zillow respectfully requests the Court to refer to those documents. Further, Zillow denies the allegations as a mischaracterization of those documents. The remaining allegations in Paragraph 81 consist of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

82.    Paragraph 82 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

83.    Paragraph 83 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

84.    Upon knowledge and belief, Zillow admits as of June 15, 2025, Redfin does not currently offer DMS products including RentRep. Zillow otherwise lacks knowledge or information sufficient to form a belief on the remaining allegations in Paragraph 84, including what Redfin's future DMS product offerings will be.

85.    As to the first sentence of Paragraph 85, Zillow denies the allegations. As to the second sentence, Zillow admits that Redfin will remain available as a searchable ILS that displays

17

Zillow's multifamily listings.  Zillow denies Redfin is "hosting copies" of Zillow's multifamily listings.  Zillow denies all other allegations in Paragraph 85.

86.    As to the first sentence of Paragraph 86, Zillow lacks knowledge or information sufficient to form a belief as to the truth of the allegations.  The second sentence of Paragraph 86 purports to describe a document, and Zillow respectfully refers the Court to that document.  Further, Zillow denies the allegations as a mischaracterization of the document.  As to the third sentence, Zillow denies the allegations.  The fourth sentence of Paragraph 86 purports to describe a document, and Zillow respectfully refers the Court to that document.  Further, Zillow denies the allegations as a mischaracterization of the document.  As to the fifth sentence, Zillow denies the allegations.

87.    Paragraph 87 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

88.    Paragraph 88 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

89.    Paragraph 89 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

90.    Paragraph 90 consists of legal conclusions that require no response. To the extent a response is required, Zillow admits the allegations in the second and third sentences of Paragraph 90 and denies all other allegations in Paragraph 90.

91.    Zillow re-answers and incorporates by reference the answers in paragraphs 1–90 above.

92.    Paragraph 92 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

93.     Paragraph 93 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

94.     Paragraph 94 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

95.     Paragraph 95 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

96.     Paragraph 96 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

97.     Paragraph 97 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

98.     Paragraph 98 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

99.     Paragraph 99 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

100.     Zillow re-answers and incorporates by reference the answers in paragraphs 1-90 above.

101.     Paragraph 101 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

102.     Paragraph 102 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

103.     Paragraph 103 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

104.    Zillow re-answers and incorporates by reference the answers in paragraphs 1-90 above.

105.    Paragraph 105 consists of legal conclusions that require no response. To the extent a response is required, Zillow denies the allegations.

**DEFENSES**

Zillow asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission by Zillow of any liability or wrongdoing, or that Plaintiffs are entitled to any relief whatsoever. In asserting the following defenses, Zillow does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden on Plaintiffs. Zillow reserves the right to amend this Answer to assert additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses. Zillow asserts the following defenses:

1.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a relevant product or geographic market.

2.    Plaintiffs' claims are barred, in whole or in part, because the challenged Agreements will not cause anticompetitive effects, and are unlikely to substantially lessen competition, in any relevant market.

3.    Plaintiffs' claims are barred, in whole or in part, because the Agreements benefit PMCs and prospective renters, such that the Partnership is in the public interest and procompetitive.

4.    Plaintiffs' claims are barred, in whole or in part, because granting the relief sought is contrary to the public interest.

5.    Zillow hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by Redfin to the extent that Zillow may share in such a defense.

6.   The foregoing defenses are raised by Zillow without waiver of any other defenses that may become known during the discovery proceedings in this case or otherwise.  Zillow hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

Dated: May 20, 2026     Respectfully submitted,


By: *Ryan A. Shores*

Ryan A. Shores (VA 65934)
D. Bruce Hoffman (*pro hac vice*)
Blair W. Matthews (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1876
Email: rshores@cgsh.com
Email: bhoffman@cgsh.com
Email: bmatthews@cgsh.com


Heather Nyong'o (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2000
San Francisco, CA 94108
Telephone: (415) 796-4480
Email: hnyongo@cgsh.com


Beau W. Buffier (pro hac vice)
WILSON SONSINI GOODRICH & ROSATI
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (917) 412-6461
Email: bbuffier@wsgr.com


*Attorneys for Defendants Zillow Group, Inc.
and Zillow, Inc.*

## CERTIFICATE OF SERVICE

I, Ryan A. Shores, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated:  May 20, 2026                     /s/ _Ryan A. Shores_____
                                                    Ryan A. Shores (VA 65934)