**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

---------------------------------------------------------x

FEDERAL TRADE COMMISSION,          :    Case No. 1:25-cv-1638 (AJT-WBP)
                                   :    Judge Anthony J. Trenga
           Plaintiff,              :
                                   :
     v.                            :
                                   :
ZILLOW GROUP, INC., ZILLOW         :
INC., and REDFIN CORPORATION,      :
                                   :
           Defendants.             :
---------------------------------------------------------x
COMMONWEALTH OF VIRGINIA,          :    Case No. 1:25-cv-1647 (AJT-WBP)
STATE OF ARIZONA,                  :    Judge Anthony J. Trenga
STATE OF CONNECTICUT,              :
STATE OF NEW YORK, and             :
STATE OF WASHINGTON,               :
                                   :
           Plaintiffs,             :
                                   :
     v.                            :
                                   :
ZILLOW GROUP, INC., ZILLOW INC.,   :
and REDFIN CORPORATION,            :
                                   :
           Defendants.             :
---------------------------------------------------------x

**DEFENDANT REDFIN CORPORATION'S ANSWER TO THE FEDERAL TRADE**
**COMMISSION'S COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE**
**RELIEF**

Defendant Redfin Corporation ("Redfin"), by and through its undersigned counsel, responds as follows to the allegations in the Federal Trade Commission's Complaint for Injunctive and Other Equitable Relief filed on September 30, 2025.  (Dkt. Nos. 2, 9.)

1.     Redfin denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, except it admits that (i) internet listing services ("ILSs") are one tool for renters to search for available rentals, (ii) property management companies

("PMCs") pay ILSs to advertise their vacant units to renters, (iii) ILSs enable prospective renters to search for listings and (iv) when a renter identifies a property of interest, they can request information which generates a lead for the PMC.

2.    To the extent that the allegations in paragraph 2 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies the allegations in Paragraph 2 to the extent that (i) it implies a relevant market consists only of ILS advertising or (ii) it implies that Redfin was one of the three leading rental ILS networks.

3.    Redfin denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and respectfully refers the Court to the statements cited therein for a complete and accurate statement of their contents.

4.    Redfin admits that (i) it purchased RentPath in 2021 and (ii) RentPath is an ILS.  Redfin denies that the remaining allegations in paragraph 4 present a fair and complete description of the matters described therein and respectfully refers the Court to the statement quoted therein for a complete and accurate statement of its contents.

5.    Redfin denies that the allegations in paragraph 5 present a fair and complete description of the matters described therein and respectfully refers the Court to the statement quoted therein for a complete and accurate statement of its contents.

6.    To the extent that the allegations in paragraph 6 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin admits that it entered into the Partnership Agreement and Content License Agreement with Zillow (the "Agreements") on February 6, 2025.  Redfin denies the remaining allegations in paragraph 6.

7.    Redfin admits that Zillow paid Redfin $100 million as described in the Partnership Agreement.  Redfin denies the remaining allegations, including because the allegations

in paragraph 7 do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

8.    Redfin denies the allegations in paragraph 8, including because the allegations in paragraph 8 do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the documents quoted therein for a complete and accurate statement of their contents.

9.    To the extent that the allegations in paragraph 9 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies the allegations in paragraph 9.

10.    To the extent that the allegations in paragraph 10 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin admits that the Agreements were not reported under the Hart-Scott-Rodino Act.  Redfin denies the remaining allegations in paragraph 10.

11.    To the extent that the allegations in paragraph 11 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies the allegations in paragraph 11.

12.    To the extent that the allegations in paragraph 12 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin admits that paragraph 12 purports to describe the basis for the Court's subject-matter jurisdiction.

13.    To the extent that the allegations in paragraph 13 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin

denies knowledge or information sufficient to form a belief as to Zillow's contacts with the United States of America pursuant to 15 U.S.C. § 53(b).

14. To the extent that the allegations in paragraph 14 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin admits that Redfin conducts business in the United States of America.

15. To the extent that the allegations in paragraph 15 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin (i) admits that it displays listings for properties located in the Commonwealth of Virginia but (ii) denies knowledge or information sufficient to form a belief as to Zillow's listings displayed in the same. Redfin denies the remaining allegations in paragraph 15.

16. To the extent that the allegations in paragraph 16 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin denies the allegations in paragraph 16.

17. To the extent that the allegations in paragraph 17 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin respectfully refers the Court to Section 4 of the FTC Act, 15 U.S.C. § 44.

18. To the extent that the allegations in paragraph 18 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin respectfully refers the Court to Section 7 of the Clayton Act, 15 U.S.C. § 18, Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

19. To the extent that the allegations in paragraph 19 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin denies that it is violating or is about to violate a provision of law enforced by the Federal Trade

Commission or that this is a proper case for permanent injunctive relief within the meaning of Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

20.    Redfin admits the allegations in paragraph 20.

21.    Redfin admits the allegations in paragraph 21.

22.    Redfin admits the allegations in the first and second sentences of paragraph 22.  As to the last sentence of paragraph 22, Redfin admits that (i) Rocket Companies, Inc. is a holding company and its primary material assets are the equity interests held in Rocket LP, LLC, Rocket GP, LLC, and Redfin; and (ii) Rocket Limited Partnership is a Michigan limited partnership and wholly owns the following entities: Rocket Mortgage, LLC, Rocket Close, RTIC, LMB HoldCo LLC, Rocket Homes, Rocket Loans, Rocket Money, Lendesk Technologies and Woodward Capital Management LLC.

23.    Redfin admits the allegations in paragraph 23.

24.    Redfin denies knowledge or information sufficient to form a belief as to rentals' status as a "crucial pillar" of the housing industry or to the number of renters relative to homebuyers in 2024.  Redfin admits that (i) homes and buildings for rent are often managed by a landlord and (ii) larger multifamily rental properties are sometimes managed by PMCs that manage portfolios of properties on behalf of owners and investors.

25.    Redfin admits ILSs offer tools such as photo galleries, mapping functions and targeted advertising.  Redfin denies the remaining allegations in paragraph 25, including because it lacks knowledge or information sufficient to form a belief as to those allegations.

26.    Redfin admits that ILSs are a form of advertising that PMCs and other property managers use to advertise their properties.  Redfin denies the remaining allegations in paragraph 26, including because the allegations do not present a fair and complete description of

the matters described therein, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

27.    Redfin admits that (i) ILSs serve both PMCs and prospective renters and (ii) ILSs compete for advertising customers' listings by offering broad exposure to potential renters and that ILSs compete for prospective renters with a broad selection of listings matching their preferences.  Redfin denies the remaining allegations in paragraph 27.

28.    To the extent that the allegations in paragraph 28 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 28, including because the allegations do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

29.    Redfin denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and respectfully refers the Court to the statements cited therein for a complete and accurate statement of their contents.

30.    Redfin denies that (i) Zillow is the market leader in rental ILS advertising and (ii) the remaining allegations in paragraph 30 present a fair and complete description of the matters described therein and respectfully refers the Court to the document quoted therein for a complete and accurate statement of its contents.

31.    Redfin admits that CoStar is a leading ILS.  Redfin denies that (i) it is the "only" other leading ILS besides Zillow and Redfin.  Redfin further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.     Redfin admits that (i) it competes with other rental ILSs following its acquisition of RentPath in 2021 and (ii) its rentals revenue increased from 2023-2024.  Redfin denies the remaining allegations to the extent they rest on customers' preferences.

33.     To the extent that the allegations in paragraph 33 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies the allegations in paragraph 33.

34.     Redfin denies the allegations in paragraph 34.

35.     To the extent that the allegations in paragraph 35 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin admits that it entered into the Agreements on February 6, 2025.  Redfin denies that the remaining allegations in paragraph 35 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

36.     To the extent that the allegations in paragraph 36 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 36 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents quoted therein for a complete and accurate statement of their contents.

37.     To the extent that the allegations in paragraph 37 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 37 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

38.     To the extent that the allegations in paragraph 38 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 38 present a fair and complete description of the matters described therein and respectfully refers the Court to the document quoted therein for a complete and accurate statement of its contents.

39.     To the extent that the allegations in paragraph 39 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 39 present a fair and complete description of the matters described therein and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

40.     To the extent that the allegations in paragraph 40 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 40 present a fair and complete description of the matters described therein and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

41.     To the extent that the allegations in paragraph 41 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 41 present a fair and complete description of the matters described therein and respectfully refers the Court to the document quoted therein for a complete and accurate statement of its contents.

42.     To the extent that the allegations in paragraph 42 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies that the allegations in paragraph 42 present a fair and complete description of the

matters described therein and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

43. To the extent that the allegations in paragraph 43 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Redfin denies the allegations in paragraph 43, including because they do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

44. To the extent that the allegations in paragraph 44 consist of legal conclusions, no response is required or appropriate. To the extent that a response is required, Redfin denies that the allegations in paragraph 44 present a fair and complete description of the matters described therein and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

45. Redfin denies the allegations in paragraph 45.

46. Redfin admits that it provided Zillow information regarding its multifamily advertising customers pursuant to the Agreements in order to facilitate the transition of customers to Zillow's platform. Redfin denies the remaining allegations in paragraph 46, including because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

47. Redfin denies that the allegations in paragraph 47 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents quoted therein for a complete and accurate statement of their contents. Redfin further denies knowledge or information sufficient to form a belief of how many customers transitioned to Zillow.

48.     Redfin admits that (i) it laid off certain sales employees associated with the ILS business and (ii) that it provided certain sales-related information to Zillow.  Redfin denies the remaining allegations in paragraph 48.

49.     Redfin admits the allegations in paragraph 49.

50.     Redfin admits the allegations in paragraph 50.

51.     To the extent that the allegations in paragraph 51 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin admits that it marketed and competed to sell ILS multifamily advertising before executing the Agreements.  Redfin denies the remaining allegations in paragraph 51.

52.     Redfin denies that the services it provides to advertising customers are distinct from the services it provides to prospective renters.

53.     To the extent that the allegations in paragraph 53 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies the allegations in paragraph 53.

54.     To the extent that the allegations in paragraph 54 consist of legal conclusions, no response is required or appropriate.  To the extent that a response is required, Redfin denies the allegations in paragraph 54.

55.     To the extent that the allegations in paragraph 55 consist of legal conclusions, no response is required or appropriate.  Redfin denies that (i) there are no reasonably interchangeable substitutes for ILS advertising and (ii) the remaining allegations in paragraph 55 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

56.    Redfin admits that receiving a large number of high-quality leads is a top priority for PMCs.  Redfin denies the remaining allegations in paragraph 56, including because the remaining allegations in paragraph 56 do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the document quoted therein for a complete and accurate statement of its contents.

57.    Redfin denies knowledge or information sufficient to form a belief as to wide industry recognition of ILSs as a distinct form of rental advertising.  Redfin further denies that the remaining allegations in paragraph 57 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

58.    To the extent that the allegations in paragraph 58 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin admits that (i) ILSs enable advertising customers to reach prospective renters and (ii) ILSs enable prospective renters to find available units.    Redfin denies the remaining allegations in paragraph 58.

59.    To the extent that the allegations in paragraph 59 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin admits that it offered a tool that used social media advertising to boost the efficacy of advertising on an ILS.  Redfin denies knowledge or information sufficient to form a belief for whether Zillow offered a tool that uses social media advertising to boost the efficacy of advertising on an ILS. Redfin denies the remaining allegations in paragraph 59, including because the remaining allegations in paragraph 59 do not present a fair and complete description of the matters described

therein, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

60.     Redfin admits that (i) offering ILS advertising requires developing a large base of listings and customers and (ii) it provided Zillow support with hiring certain former Redfin salespeople and signing up former Redfin customers.  Redfin denies the remaining allegations in paragraph 60.

61.     To the extent that the allegations in paragraph 61 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin admits that (i) generally ILS advertising uses either a tiered subscription pricing model or a success-based contract model and (ii) under a success-based model payments are contingent on generating leads or leases.  Redfin denies the remaining allegations in paragraph 61.

62.     To the extent that the allegations in paragraph 62 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies that a hypothetical monopolist of ILS advertising could profitably impose a small but significant non-transitory increase in price or worsening of terms.

63.     To the extent that the allegations in paragraph 63 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies that the allegations in paragraph 63 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents quoted therein for a complete and accurate statement of their contents.  Redfin further denies the remaining allegations in paragraph 63.

64.     To the extent that the allegations in paragraph 64 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin

denies that the remaining allegations in paragraph 64 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

65. To the extent that the allegations in paragraph 65 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin denies the allegations in paragraph 65.

66. Redfin denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66. Redfin further denies that the allegations in paragraph 66 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

67. Redfin denies that the allegations in paragraph 67 present a fair and complete description of the matters described therein and respectfully refers the Court to the documents quoted therein for a complete and accurate statement of their contents.

68. Redfin admits that the Agreements themselves apply nationwide. Redfin denies the remaining allegations, including because the allegations in paragraph 68 do not present a fair and complete description of the matters described therein and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

69. To the extent that the allegations in paragraph 69 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin denies the allegations in paragraph 69.

70. To the extent that the allegations in paragraph 70 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    To the extent that the allegations in paragraph 71 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin admits that the allegations in paragraph 71 convey the Department of Justice and Federal Trade Commission's 2023 Merger Guidelines.

72.    To the extent that the allegations in paragraph 72 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 72.

73.    To the extent that the allegations in paragraph 73 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 73.

74.    To the extent that the allegations in paragraph 74 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 74.

75.    To the extent that the allegations in paragraph 75 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 75.

76.    To the extent that the allegations in paragraph 76 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 76.

77.     To the extent that the allegations in paragraph 77 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 77.

78.     To the extent that the allegations in paragraph 78 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 78.

79.     To the extent that the allegations in paragraph 79 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 79.

80.     To the extent that the allegations in paragraph 80 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 80.

81.     To the extent that the allegations in paragraph 81 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 81, including because the allegations in paragraph 81 do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the documents quoted therein for a complete and accurate statement of their contents.

82.     Redfin denies that advertising customers listed on both Zillow and Redfin prior to the Agreements will be harmed by the Agreements.  Redfin further denies knowledge or information sufficient to form a belief as to Zillow's future plans.

83.     To the extent that the allegations in paragraph 83 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 83.

84.     Redfin admits that it no longer offers DMS products as of June 15, 2025. Redfin denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84.

85.     To the extent that the allegations in paragraph 85 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 85, except admits that Redfin will remain available as a searchable ILS that displays Zillow's multifamily listings.

86.     To the extent that the allegations in paragraph 86 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 86, including because the allegations in paragraph 86 do not present a fair and complete description of the matters described therein, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

87.     To the extent that the allegations in paragraph 87 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 87.

88.     To the extent that the allegations in paragraph 88 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 88.

89.     To the extent that the allegations in paragraph 89 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 89.

90.     To the extent that the allegations in paragraph 90 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin

admits that (i) ILSs are characterized by network effects and (ii) in order to attract renters, a new entrant must have a large number of listings, but to have value for an advertising customer, an ILS must also have a sufficiently large renter audience.  Redfin denies the remaining allegations in paragraph 90.

91.    In answer to the allegations of paragraph 91, Redfin repeats, incorporates and restates its answers to the allegations of each of the preceding paragraphs of the Complaint.

92.    To the extent that the allegations in paragraph 92 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 92.

93.    To the extent that the allegations in paragraph 93 consist of legal conclusions, no response is required or appropriate. To the extent a response is required, Redfin denies the allegations in paragraph 93.

94.    To the extent that the allegations in paragraph 94 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 94.

95.    To the extent that the allegations in paragraph 95 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 95.

96.    To the extent that the allegations in paragraph 96 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 96.

97.     To the extent that the allegations in paragraph 97 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 97.

98.     To the extent that the allegations in paragraph 98 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 98.

99.     To the extent that the allegations in paragraph 99 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 99.

100.    In answer to allegations of paragraph 100, Redfin repeats, incorporates and restates its answers to the allegations in paragraphs 1-90 of the Complaint.

101.    Redfin denies the allegations in paragraph 101.

102.    To the extent that the allegations in paragraph 102 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 102.

103.    To the extent that the allegations in paragraph 103 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 103.

104.    In answer to allegations of paragraph 104, Redfin repeats, incorporates and restates its answers to the allegations in paragraphs 1-90 of the Complaint.

105.    To the extent that the allegations in paragraph 105 consist of legal conclusions, no response is required or appropriate.  To the extent a response is required, Redfin denies the allegations in paragraph 105.

## DEFENSES

Redfin states the following defenses and reserves its right to assert other and additional defenses, counterclaims and third-party claims not asserted herein of which it becomes aware through discovery or other review as may be appropriate at a later time.  In asserting these defenses, Redfin does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon the Federal Trade Commission.

1.    Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a relevant product or geographic market.

2.    Plaintiff's claims are barred, in whole or in part, because the challenged Agreements will not cause substantial anticompetitive effects, and are unlikely to substantially lessen competition, in any relevant market.

3.    Plaintiff's claims are barred, in whole or in part, because the Agreements benefit PMCs and prospective renters, such that the Agreements are in the public interest and procompetitive.

4.    Plaintiff's claims are barred, in whole or in part, because granting the relief sought is contrary to the public interest.

5.    Redfin hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by Zillow to the extent that Redfin may share in such a defense.

Dated: May 20, 2026


    */s/ Daniel J. Richardson*

Daniel J. Richardson (VSB 94961)
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20005
Telephone: (202) 956-7024
Facsimile: (202) 293-6330
Email: richardsond@sullcrom.com

Sharon L. Nelles (*pro hac vice*)
Jeffrey T. Scott (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: nelless@sullcrom.com
Email: scottj@sullcrom.com

Kyle W. Mach (*pro hac vice*)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
Email: machk@sullcrom.com

*Counsel for Defendant Redfin Corporation*

**CERTIFICATE OF SERVICE**

I certify that on May 20, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the United States District Court for the Eastern District of Virginia electronic filing service which will provide E-service to counsel of record.

/s/ Daniel J. Richardson
Daniel J. Richardson