**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** *Plaintiff,* v. **ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,** *Defendants.* | Case No. 1:25-cv-1638 (AJT-WBP) |
| **COMMONWEALTH OF VIRGINIA, STATE OF ARIZONA, STATE OF CONNECTICUT, STATE OF NEW YORK, and STATE OF WASHINGTON,** *Plaintiffs,* v. **ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,** *Defendants.* | Case No. 1:25-cv-1647 (AJT-WBP) |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL**</u>

Pursuant to Local Civil Rule 5 and Paragraph 9 of the Protective Order entered in the above-captioned cases (Dkt. 73), Plaintiff Federal Trade Commission ("FTC" or "Commission") and Plaintiffs Commonwealth of Virginia and States of Arizona, Connecticut, New York, and Washington ("State Plaintiffs," collectively with FTC, "Plaintiffs"), through their undersigned counsel, hereby respectfully submit the instant memorandum of law in support of their motion to seal limited portions of Plaintiffs' Memorandum in Support of Motion *In Limine* to Exclude Certain of Dr. Gowrisankaran's Regression Analyses ("Memorandum"), the accompanying

1

Exhibits 1–2 and 4–7, and Exhibit Index under seal for at least seven days to allow Defendants Zillow Group, Inc., Zillow, Inc. (collectively, "Zillow"), and Redfin Corporation ("Redfin," collectively with Zillow, "Defendants"), and interested Non-Parties the opportunity to seek more permanent relief as appropriate with respect to the information contained therein. Pursuant to Local Civil Rule 5, Plaintiffs have filed unsealed, redacted versions of their Memorandum on the public docket.

## INTRODUCTION

The Memorandum attaches and discloses the content or substance of, among other exhibits, portions of transcripts of depositions and portions of expert reports submitted by Plaintiffs' and Defendants' experts that have been, or contain or summarize the content of material that has been, designated as Confidential or Highly Confidential by the Defendants or Non-Parties under the Protective Order.

Pursuant to the Protective Order, Plaintiffs hereby inform the Court of the confidentiality designations of these materials and request that the Court seal the Memorandum, Exhibits 1–2 and 4–7, and the Exhibit Index from the public docket for at least seven days to provide Defendants and interested Non-Parties the opportunity to seek more permanent relief with respect to their business information contained therein. But for the requirements of the Protective Order and the confidentiality designations of Defendants and Non-Parties, Plaintiffs would not seek to seal these documents.

## ARGUMENT

Public access to judicial records is "protected both by the common law and the First Amendment." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The

common law presumption in favor of public access can be overcome only by a showing that a litigant has "some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Accordingly, before ordering the sealing of a document, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the document[], and (3) provide specific reasons and factual findings supporting its decision to seal the document[] and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *see also* Local Civ. R. 5(C).

Pursuant to the Protective Order, "[a]ny Party or Non-Party responding to discovery requests or providing materials in connection with this Litigation … may designate all, or any part, of a document, discovery response, deposition or other material as Confidential Material or Highly Confidential Material[.]" Dkt. 73 ¶ 2. The Protective Order specifically directs the Plaintiffs and Defendants to "file any document under seal in compliance with Local Civil Rule 5(C)" that consists of, or discloses the content or substance of, materials that are Confidential or Highly Confidential under the Protective Order. Dkt. 73 ¶ 9.

Plaintiffs' Memorandum discloses the contents or substance of materials designated by Defendants and Non-Parties as Confidential or Highly Confidential under the Protective Order. *See* Dkt. 73 ¶ 9. Plaintiffs' Memorandum also attaches as exhibits portions of transcripts of depositions and portions of both Plaintiffs' and Defendants' expert reports that have been designated by Defendants and Non-Parties as, or that contain or summarize the content of material designated as, Confidential or Highly Confidential under the Protective Order. *See* Dkt. 73 ¶ 9. Consistent with Plaintiffs' obligations under the Protective Order, Plaintiffs request that the court seal the Memorandum, Exhibits 1–2 and 4–7, and the Exhibit Index because they

consist of; or disclose, contain, or summarize the content or substance of; material designated as Confidential or Highly Confidential. Plaintiffs have sought to narrowly tailor their request to include only information that Defendants or Non-Parties have designated as Confidential or Highly Confidential.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court temporarily seal the Memorandum, Exhibits 1–2 and 4–7, and the Exhibit Index.

Dated: August 7, 2026

Respectfully submitted,

TODD W. BLANCHE
Acting Attorney General

THEOPHANI K. STAMOS
First Assistant United States Attorney

 /s/ *Kirstin K. O'Connor*
KIRSTIN K. O'CONNOR
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3799
Fax: (703) 299-3983
Email: kirstin.o'connor@usdoj.gov

*Local Counsel for Plaintiff Federal Trade Commission*

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

 /s/ *Allyson M. Maltas*
ALLYSON M. MALTAS
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3646
Email: amaltas@ftc.gov

*Attorney for Plaintiff Federal Trade Commission*

**FOR PLAINTIFF COMMONWEALTH OF VIRGINIA:**

JAY JONES
Attorney General of Virginia

 /s/ *Tyler T. Henry*
TYLER T. HENRY (Virginia Bar No. 87621)
Senior Assistant Attorney General
DAVID C. SMITH (Virginia Bar No. 80944)

5

Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0485 (Henry)
Telephone: (804) 692-0588 (Smith)
Email: thenry@oag.state.va.us
Email: dsmith@oag.state.va.us

*Counsel for Plaintiff Commonwealth of Virginia and Local Counsel for Plaintiffs Arizona, Connecticut, New York, and Washington*

**FOR PLAINTIFF STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General of Arizona

SARAH PELTON (admitted *pro hac vice*)
Office of the Arizona Attorney General
Consumer Protection & Advocacy Section
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-3725
Email: Sarah.Pelton@azag.gov

*Counsel for Plaintiff State of Arizona*

**FOR PLAINTIFF STATE OF CONNECTICUT:**

WILLIAM TONG
Attorney General of Connecticut

NICOLE DEMERS
Deputy Associate Attorney General

JULIÁN A. QUIÑONES REYES (admitted *pro hac vice*)
FRANKLIN KANIN (admitted *pro hac vice*)
Assistant Attorney General
Office of the Connecticut Attorney General

165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5030
Email: Julian.Quinones@ct.gov
Email: Franklin.Kanin@ct.gov

*Counsel for Plaintiff State of Connecticut*

**FOR PLAINTIFF STATE OF NEW YORK:**

LETITIA JAMES
Attorney General of New York

ELINOR R. HOFFMANN (admitted *pro hac vice*)
Chief, Antitrust Bureau
AMY MCFARLANE (admitted *pro hac vice*)
Deputy Bureau Chief, Antitrust Bureau
MICHAEL SCHWARTZ (admitted *pro hac vice*)
Senior Enforcement Counsel
MARIA LUISA DI LAURO (admitted *pro hac vice*)
Assistant Attorney General

New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8269
Email: Elinor.Hoffmann@ag.ny.gov

*Counsel for Plaintiff State of New York*

**FOR PLAINTIFF STATE OF WASHINGTON:**

NICHOLAS W. BROWN
Attorney General of Washington

AMY N. L. HANSON (admitted *pro hac vice*)
Senior Managing Assistant Attorney

7

General
TYLER W. ARNOLD (admitted *pro hac vice*)
Assistant Attorney General
Antitrust Division

Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419 (Hanson)
Telephone: (206) 464-7030 (Arnold)
Email: amy.hanson@atg.wa.gov
Email: tyler.arnold@atg.wa.gov

*Counsel for Plaintiff State of Washington*


## Certificate of Service

I, Kirstin K. O'Connor, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: August 7, 2026

 /s/ *Kirstin K. O'Connor*
KIRSTIN K. O'CONNOR
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3799
Fax: (703) 299-3983
Email: kirstin.o'connor@usdoj.gov

*Local Counsel for Plaintiff Federal Trade Commission*

8