## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>*Plaintiff,*<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW INC., AND REDFIN CORPORATION,<br><br>*Defendants.* | Civil Action No. 1:25-cv-1638 |
| COMMONWEALTH OF VIRGINIA, STATE OF ARIZONA, STATE OF CONNECTICUT, STATE OF NEW YORK, and STATE OF WASHINGTON,<br><br>*Plaintiffs,*<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,<br><br>*Defendants.* | Civil Action No. 1:25-cv-1647 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF SAM VIDA**

Defendants Zillow Group, Inc, Zillow, Inc., and Redfin Corporation respectfully submit this brief in support of their motion *in limine* to exclude testimony from Sam Vida, who was deposed as a Rule 30(b)(6) corporate representative of third party Rocket Companies, Inc.

## PRELIMINARY STATEMENT

Months after Redfin and Zillow signed the exclusive syndication agreement at issue in this case, Redfin was acquired by Rocket Companies, Inc. ("Rocket"). Rocket was not involved in negotiating that agreement (the "Partnership") and is not a party. But Plaintiffs have time and again sought to pull Rocket into this litigation. They issued a document subpoena seeking expansive discovery from Rocket, which offered no indication that Rocket has had any involvement in Redfin's rentals business or role in the Partnership. Plaintiffs then noticed a Rocket Rule 30(b)(6) deposition on broad topics. (Ex. B.)

Sam Vida testified about these topics as Rocket's corporate representative. Mr. Vida's testimony confirmed



(Ex. A at 65:11-14; 66:3-5; 91:3-19.)

Nevertheless, Plaintiffs included Mr. Vida on their final witness list, noting their intent to introduce Mr. Vida's deposition testimony at trial. Plaintiffs provided their affirmative designations for Mr. Vida's deposition to Defendants on August 3, which will be submitted to the

Court on August 19.  As described below, none of those designations have any relevance to the issues in this case.[1]

<strong><u>STANDARD ON THIS MOTION</u></strong>

The "main purpose of a motion in limine is to streamline the trial by keeping irrelevant or improper evidence out of the courtroom." *Doe* v. *Fairfax Cnty. Sch. Bd.*, 2023 WL 424265, at *1 (E.D. Va. Jan. 25, 2023) (citation omitted).  Relevant evidence is evidence that has "any tendency to make a fact more or less probable" and where "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Irrelevant evidence is not admissible.  Fed. R. Evid. 402.

<strong><u>ARGUMENT</u></strong>

Mr. Vida's testimony is not of any "consequence in determining" Plaintiffs' Section 1 or Section 7 claims and should therefore be excluded.  This case is about the competitive effects of an agreement to syndicate multifamily rental listings from Zillow to Redfin.  At trial, this Court will hear from a knowledgeable set of current and former Redfin executives who will testify about Redfin's decision to enter the Partnership with Zillow, the implementation of the Partnership and how it has benefited Redfin's rentals platforms and its users, and Redfin's plans related to its rentals platforms going forward.  None of that has anything to do with Rocket, nor does Mr. Vida have anything to say about it.

Plaintiffs' designations for Mr. Vida's testimony can be grouped into four categories, none of which are relevant or admissible under Rules 401 and 402.

*First*, Plaintiffs have designated testimony about the rationale for Rocket's acquisition of Redfin.  Specifically, Plaintiffs have designated testimony that ███████████████████

---

[1]    During a meet and confer on July 31, Plaintiffs suggested that if Mr. Vida's deposition testimony were inadmissible, they would call Mr. Vida to testify as a live witness.  But Mr. Vida's testimony is irrelevant, regardless of whether it is presented live or by designation.

-2-

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ (Ex. A at 21:16-22:2; 24:22-25:12.) Plaintiffs also designated Mr. Vida's testimony about two documents related to Rocket's diligence process. None of this has anything to do with *Redfin's* rationale for entering into the Partnership or *Redfin's* plans for its own rentals business.

*Second*, Plaintiffs have designated testimony confirming that ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ (Ex. A at 21:16-22:2; 24:22-25:12; 26:7-16; 55:10-13.) ████████████████████████████

████████████████ is not conceivably relevant to any issue this Court will need to resolve at trial.

*Third*, Plaintiffs have designated Mr. Vida's testimony ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████. (Ex. A at 58:10-14; 60:19-61:8; 64:9-19; 84:6-23.) Rocket and Redfin are separate companies, and any relevant evidence about Redfin's activities, plans, or corporate governance will come from Redfin itself.

*Fourth*, Mr. Vida testified ████████████████████████████

████████████████████████████████████████████████████

████████████████ (Ex. A at 66:2-23; 91:3-19.) This makes sense, as Mr. Vida ████████████

████████████████████████ At trial, the Court will hear from current and former Redfin

-3-

employees who can testify directly about Redfin's future plans. █████████████

████████████████████████████████████████████████

Defendants met and conferred with Plaintiffs twice in an attempt to understand Plaintiffs' views about the relevance and admissibility of Mr. Vida's testimony. Plaintiffs took the position that because Defendants did not object to the 30(b)(6) deposition of Rocket, they somehow waived objections as to its relevance. That is incorrect. Fed. R. Civ. P. 32(d)(3)(A). Plaintiffs also argued Mr. Vida's testimony may be needed to rebut evidence about Redfin's future plans for its rentals business. ████████████████████████████████████████

████████████████████████████████████████ (Ex. A at 56:16-24.) Finally, Plaintiffs suggested that Mr. Vida's testimony is relevant to Redfin's financial condition when it entered the Partnership—but Mr. Vida did not testify about Redfin's financial condition, and Rocket did not own Redfin when the Partnership was entered.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court exclude testimony from Sam Vida.

Respectfully submitted,

Dated:  August 7, 2026

/s/ Daniel J. Richardson
Daniel J. Richardson (VA 94961)
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7024
Facsimile: (202) 293-6330
Email: richardsond@sullcrom.com

Sharon L. Nelles (*pro hac vice*)
Jeffrey T. Scott (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: nelless@sullcrom.com
Email: scottj@sullcrom.com

Kyle W. Mach (*pro hac vice*)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
Email: machk@sullcrom.com

*Counsel for Defendant*
*Redfin Corporation*

/s/ Ryan A. Shores
Ryan A. Shores (VA 65934)
D. Bruce Hoffman (*pro hac vice*)
Blair W. Matthews (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1876
Email: rshores@cgsh.com
Email: bhoffman@cgsh.com
Email: bmatthews@cgsh.com

-5-

Heather Nyong'o (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4480
Email: hnyongo@cgsh.com

Beau W. Buffier (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (917) 412-6461
Email: bbuffier@wsgr.com

*Counsel for Defendants Zillow Group, Inc, and Zillow, Inc.*

## CERTIFICATE OF SERVICE

I, Daniel J. Richardson, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system. In addition, the foregoing document was sent via e-mail to all counsel of record.

Dated: August 7, 2026

/s/ Daniel J. Richardson
Daniel J. Richardson (VA 94961)

-7-