**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>*Plaintiff*,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW INC., AND REDFIN CORPORATION,<br><br>*Defendant*s. | Civil Action No. 1:25-cv-1638 |
| COMMONWEALTH OF VIRGINIA,<br>STATE OF ARIZONA,<br>STATE OF CONNECTICUT,<br>STATE OF NEW YORK, and<br>STATE OF WASHINGTON,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1647 |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY**
**ROCKET COMPANIES, INC.'S MOTION TO SEAL**

Pursuant to Local Civil Rule 5 and this Court's June 12, 2026 Order regarding the pre-trial schedule (Dkt. 182), non-party Rocket Companies, Inc. ("Rocket") hereby respectfully submits this Memorandum of Law in support of its Motion to Seal. For the reasons that follow, Rocket requests that the Court redact certain trial exhibits that contain Rocket's sensitive business and other confidential information.

## INTRODUCTION

Rocket learned of Plaintiffs' intent to use at trial exhibits involving Rocket's confidential information (the "Rocket Materials") on July 24, 2026. Rocket designated the Rocket Materials as "Highly Confidential Material" in accordance with the protective order in this case (Dkt. No. 73). Rocket has reviewed the Rocket Materials and seeks limited redactions to a narrow subset of the documents identified in Appendix A that warrants sealing to protect competitively sensitive information, including business strategy, plans, and proprietary information.

## ARGUMENT

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citation and internal quotation marks omitted). Despite this presumption, restrictions to information may be justified when access "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A business's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *see also In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (noting that records may be sealed to prevent others from "gaining a business advantage" through materials filed with court).

Courts in this district routinely hold that a company's interest in protecting its sensitive business information from public disclosure outweighs the public's right of access to that information. *See, e.g.*, *BASF Plant Sci., LP* v. *Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108115, at *1 (E.D. Va. Aug. 15, 2019); *Lifenet Health* v. *Lifecell Corp.*, 2015 WL 12517430, at *1 (E.D. Va. Feb. 12, 2015); *Intelligent Verification Sys., LLC* v. *Microsoft Corp.*, 2014 WL 12659872, at *1 (E.D. Va. Oct. 14, 2014); *East W., LLC* v. *Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012). That principle applies with particular force here, where Rocket deserves "special solicitude" as a non-party. *Va. Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 194 (4th Cir. 2019).

Before a court may seal documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Here, all three requirements have been met. Public notice has been provided by filing Rocket's Motion to Seal and Notice of Filing of Motion to Seal on the public docket in accordance with Local Civil Rule 5(C). *See In re Knight*, 743 F.2d at 235. Rocket is unaware of any less drastic alternative to protect its competitively sensitive information than the narrowly tailored redactions and sealing requested here. *See DSS A.S.* v. *Pacem Def. LLC*, 2025 WL 908040, at *2 (E.D. Va. Jan. 28, 2025) (approving sealing "where redactions have been applied, there are no alternatives to sealing the materials that would adequately protect the confidential business information contained therein, and the proposed redactions constitute only a small portion of the materials overall"); *Philpot* v. *Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021)

(granting motion to seal documents and finding that "[t]his selective protection of information constitutes the least drastic measure of sealing confidential material"). And there are several reasons why protecting Rocket's competitively sensitive information outweighs the public's interest in accessing these materials.

*First*, disclosure of Rocket's information would severely "harm [Rocket]'s competitive standing." *Nixon*, 435 U.S. at 598. The information at issue includes highly confidential, commercially sensitive information about Rocket's business strategy, plans, and proprietary information. Disclosure of that information would provide Rocket's competitors with a substantial and unfair commercial advantage in their dealings and negotiations with Rocket. *See In re Knight*, 743 F.2d at 235 (noting that records may be sealed to prevent others from "gaining a business advantage" through materials filed with court).

*Second*, the information at issue—Rocket's competitively sensitive commercial business information—would not "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d at 235. Rocket is a third party to this case and its information is not relevant to evaluating for the effects of Zillow's and Redfin's conduct on competition.

*Third*, Rocket's information is highly confidential business information that is not available to the public. Rocket spends time and resources trying to protect its confidential information from public disclosure. *Id.* It would be a perverse result for Rocket to comply with compulsory process from the parties in this action, only to have its competitively sensitive information disclosed to competitors.

Appendix A to this Memorandum of Law details by trial exhibit number the Rocket Materials that Rocket requests the Court to redact and provides the basis for redacting. Pursuant to Local Civil Rule 5(C), Rocket is filing the relevant excerpts with redactions.

**CONCLUSION**

For the foregoing reasons, Rocket requests that the Court grant Rocket's motion to seal and redact limited portions of the Rocket Materials as identified in Appendix A.

Respectfully submitted,

Dated: August 19, 2026

*/s/ Daniel J. Richardson*
Daniel J. Richardson (VA 94961)
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7024
Facsimile: (202) 293-6330
Email: richardsond@sullcrom.com

*Counsel for non-party Rocket Companies, Inc.*

**CERTIFICATE OF SERVICE**

I, Daniel J. Richardson, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system. In addition, the foregoing document was sent via e-mail to all counsel of record.

Dated: August 19, 2026

*/s/ Daniel J. Richardson*

Daniel J. Richardson (VA 94961)
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7024
Facsimile: (202) 293-6330
Email: richardsond@sullcrom.com

*Counsel for non-party Rocket Companies, Inc.*