**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,**<br><br>*Defendants*. | Case No. 1:25-cv-1638 (AJT-WBP) |
| **COMMONWEALTH OF VIRGINIA, STATE OF ARIZONA, STATE OF CONNECTICUT, STATE OF NEW YORK, and STATE OF WASHINGTON,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,**<br><br>*Defendants*. | Case No. 1:25-cv-1647 (AJT-WBP) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Civil Rule 5, Defendants Zillow Group, Inc., Zillow, Inc., and Redfin Corporation (collectively "Defendants"), through their undersigned counsel, hereby respectfully submit this Memorandum of Law in support of their Motion for Leave to File Under Seal ("Motion to Seal") limited portions of Defendants' Pre-Trial Brief, exhibits to the brief, and Exhibit Index; and to further file a partially redacted version of Defendants' Pre-Trial Brief on the public docket.

# INTRODUCTION

Defendants' Pre-Trial Brief references and attaches documents produced by Defendants and Non-Parties, excerpts of deposition transcripts for Non-Parties' witnesses, excerpts of deposition transcripts for Defendants' and Plaintiffs' expert, and portions of Defendants' and Plaintiffs' expert reports, almost all of which have been designated as Confidential or Highly Confidential pursuant to the Protective Order (Dkt. No. 73).

Pursuant to ¶ 9 of the Protective Order, Defendants hereby inform the Court of the confidentiality designations of these materials and request that the Court seal portions of Defendants' Pre-Trial Brief, the accompanying exhibits, and the Exhibit Index from the public docket. More specifically, Defendants respectfully request that the Court seal (1) the Defendants' Confidential Materials included in Defendants' Pre-Trial Brief and accompanying exhibits, identified in **Appendix A** to the Memorandum of Law in Support of the Defendants' Motion to Seal; and (2) the Plaintiffs' and Non-Parties' Confidential Materials included in Defendants' Pre-Trial Brief as well as in any accompanying exhibits, identified in **Appendix B**,[1] for no fewer than seven days to allow the Plaintiffs and Non-Parties the opportunity to seek more permanent relief pursuant to the Court's June 15, 2026 Order (Dkt. No. 183).

**Appendix C** lists materials referenced in Defendants' Pre-Trial Brief that Defendants are not seeking to seal.

For the Court's convenience, **Appendices A–C** identify the corresponding trial exhibit number for each exhibit accompanying Defendants' Pre-Trial Brief.

[1] Exhibits AD and BI are Defendant-produced syndication agreements with Non-Parties and as such they have been included in Appendix A and B.

## ARGUMENT

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).[2] "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Despite this presumption, restrictions to information may be justified when access "might . . . become a vehicle for improper purposes," such as where the records serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Particularly, a business's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Before a court may seal documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Here, all three requirements have been met.

### I. Defendants' Confidential Material Should Be Sealed

***First***, public notice was provided when Defendants' Notice of Filing of Motion to Seal and Motion to Seal were filed on the public docket. The Court may provide public notice either by

[2] Unless otherwise noted, internal quotation marks, citations, and alterations are omitted from quotations throughout.

"[n]otifying the persons present in the courtroom of the request to seal" at the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, when Defendants filed their Notice of Filing of Motion to Seal and their Motion to Seal in accordance with Local Civil Rule 5(C), the Court's first procedural requirement for granting a motion to seal was met.

***Second***, Defendants' sealing requests are the least drastic alternative to the blanket sealing of documents. With the exception of two Defendant-produced syndication agreements with Non-Parties, Defendants have not sought the blanket sealing of documents and limit their sealing requests to narrowly tailored redactions of confidential and competitively sensitive material in Defendants' Pre-Trial Brief and corresponding exhibits. *See DSS A.S. v. Pacem Def. LLC*, 2025 WL 908040, at *2 (E.D. Va. Jan. 28, 2025) (approving sealing "where redactions have been applied, there are no alternatives to sealing the materials that would adequately protect the confidential business information contained therein, and the proposed redactions constitute only a small portion of the materials overall"); *Philpot v. Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing and finding that "[t]his selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved in lieu of "sealing the brief in toto"). All of Defendants' requests to seal are narrowly tailored redactions and represent the least drastic measure to seal confidential and competitively sensitive material.

***Third***, sealing Defendants' confidential information is necessary to protect competitively sensitive information including business strategy, pricing, and proprietary information. *See, e.g., E. W., LLC v. Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal

expert reports containing "confidential business information and other trade secret protected information . . . the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties"); *In re Knight*, 743 F.2d at 235 (sealing court records to prevent others from "gaining a business advantage" from materials filed with court). In **Appendix A**, Defendants have provided the Court with specific, non-confidential descriptions of the material they are requesting to keep under seal and the reasons and factual findings to support an order to seal the documents and for rejecting the alternatives.

## II. Plaintiffs' and Non-Parties' Confidential Material Should Be Sealed

Pursuant to ¶ 2 of the Protective Order (Dkt. No. 73), any Party or Non-Party "may designate all, or any part, of a document, discovery response, deposition or other material as Confidential Material or Highly Confidential Material." Under ¶ 9 of the Protective Order, the Parties are directed to file under seal any materials designated as Confidential or Highly Confidential in compliance with Local Civil Rule 5(C).

Defendants' Pre-Trial Brief references and attaches Confidential Materials from Plaintiffs and Non-Parties that have been designated as Confidential and Highly Confidential. Defendants' Pre-Trial Brief and accompanying exhibits also reference and incorporate portions of both Plaintiffs' and Defendants' expert reports and expert witness deposition transcripts, which may disclose the content or substance of information designated as Confidential or Highly Confidential. *See* Dkt. No. 73 ¶ 9. Consistent with Defendants' obligations under the Protective Order, Defendants respectfully request the Court seal portions of Defendants' Pre-Trial Brief, accompanying exhibits, and the Exhibit Index because they reference and attach information that has been designated as Confidential or Highly Confidential by Plaintiffs or Non-Parties.

Defendants respectfully request that the Court seal the Plaintiffs' and Non-Parties'

Confidential Material for no fewer than seven days from the filing of this Motion to Seal to allow them sufficient time to seek more permanent relief.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant the Motion to Seal limited portions of Defendants' Pre-Trial Brief, materials as identified in **Appendices A** and **B**, and Exhibit Index; and to permit Defendants to file a partially redacted version of Defendants' Pre-Trial Brief on the public docket.

Dated: August 19, 2026

*/s/ Ryan A. Shores*
Ryan A. Shores (VA 65934)
D. Bruce Hoffman (pro hac vice)
Blair W. Matthews (pro hac vice)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1876
Fax: (202) 974-1999
Email: rshores@cgsh.com
Email: bhoffman@cgsh.com
Email: bmatthews@cgsh.com

Heather Nyong'o (pro hac vice)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4480
Email: hnyongo@cgsh.com

Beau W. Buffier (pro hac vice)
WILSON SONSINI GOODRICH & ROSATI
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (917) 412-6461
Email: bbuffier@wsgr.com

*Counsel for Defendants Zillow Group, Inc., and Zillow, Inc.*

*/s/ Daniel J. Richardson*
Daniel J. Richardson (VA 94961)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 956-7024
Fax: (202) 293-6330
Email: richardsond@sullcrom.com

Sharon L. Nelles (pro hac vice)
Jeffrey T. Scott (pro hac vice)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Email: nelless@sullcrom.com
Email: scottj@sullcrom.com

Kyle W. Mach (pro hac vice)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 461-5600
Email: machk@sullcrom.com

*Counsel for Defendant Redfin Corporation*

**APPENDIX A**

**DEFENDANTS' CONFIDENTIAL MATERIALS**

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| N/A | N/A | Defendants' Pre-Trial Brief | Defendants request limited redactions pertaining to competitively sensitive current and future nonpublic pricing strategy. |
| Exhibit B | PX1010 | Zillow Memo: Project Dolphin Accounting Analysis | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations. |
| Exhibit C | DX0329 | Email from Damon Joshua to Glenn Kelman re: Rentals Board Deck Final V2 | Defendants request limited redactions pertaining to current and forward-looking market research or analysis and business strategy materials, and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit E | DX0387 | Exhibit 12 of the Expert Report of G. Gowrisankaran (corrected per April 21, 2026 errata) | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit F | DX0457 | Exhibit 2 of the Sur-Reply Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit G | DX0376 | Exhibit 1 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit H | DX0395 | Exhibit 20 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit I | DX0388 | Exhibit 13 of the Expert Report of G. Gowrisankaran (corrected per April 21, 2026 errata) | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit J | DX0391 | Exhibit 16 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit K | DX0392 | Exhibit 17 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit L | DX0377 | Exhibit 2 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit M | DX0397 | Exhibit 22 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit N | DX0408 | Exhibit 33 of the Expert Report of G. Gowrisankaran (corrected per April 21, 2026 errata) | Defendants request limited redactions pertaining to competitively sensitive non-public pricing and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit O | DX0409 | Exhibit 34 of the Expert Report of G. Gowrisankaran (corrected per April 21, 2026 errata) | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit P | DX0445 | Exhibit 70 of the Expert Report of G. Gowrisankaran | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit AD[3] | DX0104 | Content License Agreement between Zillow and Move Sales, Inc., dated March 1, 2024 | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations. |

[3] Exhibit AD is a Zillow-produced syndication agreement with a Non-Party and as such it has been included in Appendices A and B. Defendants have provided limited redactions for their Confidential Information pertaining to current and future partnership contracts and negotiations, but have no current position on any additional sealing requests from the Non-Party pertaining to other parts of the document.

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
| --- | --- | --- | --- |
| Exhibit AE | DX0064 | Document titled "Rentals 3 Year Plan (2026 to 2028)" | Defendants request limited redactions pertaining to current and forward-looking business strategy materials. |
| Exhibit AF | DX0093 | Document titled: "Rentals Cancellation Program GTM" | Defendants request limited redactions pertaining to current and forward-looking business strategy materials. |
| Exhibit AG | DX0009 | Document titled: "Zillow \| Rent. Partnership Program Playbook" | Defendants request limited redactions pertaining to competitively sensitive non-public pricing. |
| Exhibit AH | DX0282 | Email chain between K. Berroth, M. Sherman, J. Hoffman and others re: Zillow Rentals <> RDC Rentals | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations, and sensitive personal information. |
| Exhibit AI | PX1009 | Email from Katie Berroth to Project Dolphin Core Working Group re: Redfin Rentals Partnership Updated Content License Agreement w/Attach: 2025.02.06 Redfin Content License Agreement Updated for Correct Pricing 3.10.2025.pdf | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations. |
| Exhibit AJ | DX0101 | Email from S. Jordan to J. Hofmann and others re: Redfin partnership - 3/14 EOW Update | Defendants request limited redactions pertaining to current and forward looking business strategy materials. |
| Exhibit AK | DX0078 | Presentation titled: "3 Year Model" | Defendants request limited redactions pertaining to recent nonpublic financial information. |

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit AL | DX0098 | Presentation titled: "AI Search - Lay of the Land" | Defendants request limited redactions pertaining to current and forward-looking business strategy materials and current and forward-looking market research or analysis. |
| Exhibit AM | DX0017 | Presentation titled: "Head-To-Head Battlecard" | Defendants request limited redactions pertaining to current and forward-looking business strategy materials. |
| Exhibit AN | DX0120 | Presentation titled: "Multifamily Perceptions - Advertising and Property Management Professionals" | Defendants request limited redactions pertaining to current and forward looking business strategy materials and current and forward-looking market research or analysis. |
| Exhibit AO | DX0074 | Presentation titled: "Packages Refresh JB Results" | Defendants request limited redactions pertaining to current and forward-looking business strategy materials, and current and forward-looking market research or analysis. |
| Exhibit AP | DX0095 | Presentation titled: "Rentals Multifamily - Ad Product Decision Making and Journey" | Defendants request limited redactions pertaining to current and forward looking business strategy materials. |
| Exhibit AQ | DX0122 | Presentation titled: "Rentals Q1 2025 All Hands"; Exhibit 2 to M. Sherman Deposition | Defendants request limited redactions pertaining to current and forward-looking business strategy materials. |
| Exhibit AR | DX0066 | Presentation titled: "Rentals Q4 zRetreat" | Defendants request limited redactions pertaining to competitively sensitive employee information. |

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit AS | DX0068 | Presentation titled: "Zillow and Redfin Multifamily Partnership Overview" | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations and nonpublic financial information. |
| Exhibit AT | DX0065 | Presentation titled: "Zillow Rentals Marketing, 2026 Plan & Investment Case" | Defendants request limited redactions pertaining to current and forward-looking business strategy materials. |
| Exhibit AU | DX0071 | Presentation titled: "Zillow Rentals, Apartment Shopping Journey Exploration: Qualitative Research" | Defendants request limited redactions pertaining to sensitive personal information. |
| Exhibit AV | PX1349 | Zillow Data: ZILLOW-LIT-00019097_HIGHLY CONFIDENTIAL | Defendants request limited redactions pertaining to current and forward-looking market research or analysis. |
| Exhibit AW | PX1008 | Zillow Document: Partnership Agreement | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations. |
| Exhibit AX | PX1116 | Zillow Document: Redfin + Zillow Rentals Deal Summary | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations. |
| Exhibit BE | PX2039 | Email from G. Kelman to Redfin Board Directors re: Materials for Redfins July 17 Board Meeting | Defendants request limited redactions pertaining to sensitive personal information, current and forward-looking business strategy materials. |
| Exhibit BF | DX0335 | Email from Glenn Kelman to Christian Taubman, et al. re: Status | Defendants request limited redactions pertaining to sensitive personal information. |

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit BG | PX2019 | Email from Glenn Kelman to Redfin Board - Directors Only and Anthony Kappus re: Privileged and Confidential | Defendants request limited redactions pertaining to sensitive personal information, current and forward-looking business strategy materials, and current and future partnership contracts and negotiations. |
| Exhibit BH | DX0357 | Email from Will Byrum to Kathy Neumann re: 2025_05_09 - Mont ... - @kneumann@rent.com owns w/Attach Rent., Rentals MBR Presentation; Exhibit 19 to K. Neumann Deposition Rent., Rentals MBR Presentation, May 9, 2025 | Defendants request limited redactions pertaining to current and forward-looking business strategy materials, and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit BI[4] | DX0286 | Exclusive Content Agreement between Zumper, Inc. and RentPath, LLC | Defendants request limited redactions pertaining to sensitive personal information. |
| Exhibit BJ | PX2052 | Redfin Spreadsheet: Project Sublet II Model | Defendants request limited redactions pertaining to current and future partnership contracts and negotiations. |
| Exhibit BK | DX0307 | Redfin, Board of Directors Meeting, July 2023 | Defendants request limited redactions pertaining to current and forward-looking business strategy materials. |

[4] Exhibit BI is a Redfin-produced syndication agreement with a Non-Party and as such it has been included in Appendices A and B. Defendants have provided limited redactions for their Confidential Information pertaining to sensitive personal information, but have no current position on any additional sealing requests from the Non-Party pertaining to other parts of the document.

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit BL | DX0365 | Redfin, Monthly Business Review, Growth Presentation | Defendants request limited redactions pertaining to current and forward-looking market research or analysis and business strategy materials, and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit BM | DX0367 | Redfin, Weekly Rentals Review Presentation | Defendants request limited redactions pertaining to current and forward-looking market research or analysis and business strategy materials, and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit BN | DX0313 | Email from Jon Ziglar to Kathy Neumann re: 2023_12_09 Ration ... - While I know we have asked this email … w/Attach: Integration Communications; Exhibit 10 to K. Neumann Deposition | Defendants request limited redactions pertaining to sensitive personal information. |
| Exhibit BO | DX0332 | Email from Fred Saint to Glenn Kelman re: Check In; Exhibit 12 to F. Saint Deposition; Exhibit 21 to K. Neumann Deposition | Defendants request limited redactions pertaining to sensitive personal information. |

| Exhibit No. | Trial Exhibit No. | Description | Basis for Sealing |
|---|---|---|---|
| Exhibit CL | N/A | Excerpts from the Deposition of Gautam Gowrisankaran, Defendants' Expert | Defendants request limited redactions pertaining to competitively sensitive information about current partnership contracts and business strategy and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |
| Exhibit CM | N/A | Excerpts from the Expert Report of Dr. Gautam Gowrisankaran, Defendants' Expert | Defendants request limited redactions pertaining to competitively sensitive information about current partnership contracts and business strategy and to protect information designated Confidential or Highly Confidential under Paragraph 9 of the Protective Order by Plaintiffs and Non-Parties. |

**APPENDIX B**

**PLAINTIFFS' AND NON-PARTIES' CONFIDENTIAL MATERIALS**

| Exhibit No. | Trial Exhibit No. | Confidentiality Designation |
|---|---|---|
| Exhibit D | N/A | Highly Confidential |
| Exhibit Q | N/A | Highly Confidential |
| Exhibit R | N/A | Highly Confidential |
| Exhibit S | PX0550 | Highly Confidential |
| Exhibit T | PX0560 | Highly Confidential |
| Exhibit U | PX0515 | Highly Confidential |
| Exhibit V | PX0508 | Highly Confidential |
| Exhibit W | PX0510 | Highly Confidential |
| Exhibit X | PX0503 | Highly Confidential |
| Exhibit Y | PX0512 | Highly Confidential |
| Exhibit AD[5] | DX0104 | No Non-Party Designation |
| Exhibit BI[6] | DX0286 | No Non-Party Designation |
| Exhibit BP | DX0280 | Highly Confidential |
| Exhibit BQ | DX0281 | Highly Confidential |
| Exhibit BR | N/A | Highly Confidential |
| Exhibit BS | N/A | Highly Confidential |

[5] Exhibit AD is a Zillow-produced syndication agreement with a Non-Party and as such it has been included in Appendices A and B. Defendants have provided limited redactions for their Confidential Information pertaining to current and future partnership contracts and negotiations, but have no current position on any additional sealing requests from the Non-Party pertaining to other parts of the document.

[6] Exhibit BI is a Redfin-produced syndication agreement with a Non-Party and as such it has been included in Appendices A and B. Defendants have provided limited redactions for their Confidential Information pertaining to sensitive personal information, but have no current position on any additional sealing requests from the Non-Party pertaining to other parts of the document.

| Exhibit No. | Trial Exhibit No. | Confidentiality Designation |
|---|---|---|
| Exhibit BU | N/A | Highly Confidential |
| Exhibit BV | PX3025 | Highly Confidential |
| Exhibit BW | DX0126 | Highly Confidential |
| Exhibit BX | N/A | Highly Confidential |
| Exhibit BY | DX0169 | Highly Confidential |
| Exhibit BZ | DX0171 | Highly Confidential |
| Exhibit CA | DX0155 | Highly Confidential in part |
| Exhibit CC | N/A | Highly Confidential |
| Exhibit CD | N/A | Highly Confidential |
| Exhibit CE | DX0215 | Confidential |
| Exhibit CF | DX0259 | Highly Confidential |
| Exhibit CG | N/A | Highly Confidential |
| Exhibit CH | N/A | Highly Confidential |
| Exhibit CI | DX0236 | Confidential |
| Exhibit CJ | N/A | Highly Confidential |
| Exhibit CK | DX0248 | Confidential |

**APPENDIX C**

**NON-CONFIDENTIAL MATERIALS**

| Exhibit No. | Trial Exhibit No. | Description |
|---|---|---|
| Exhibit A | DX0460 | Email chain between K. Berroth and M. Sherman re: Follow-up Realtor.com Partnership Opportunities |
| Exhibit Z | DX0468 | Redfin + Zillow Rentals Financial Model Assumption Overview |
| Exhibit AA | DX0373 | Presentation titled "Zillow Investor Presentation", Q4 2024 |
| Exhibit AB | DX0461 | Presentation titled: "Product Vision: Consumer Product Vision & Strategy" |
| Exhibit AC | PX1302 | Zillow Document: 2025 Rentals - Marketing Brief |
| Exhibit AZ | DX0315 | Redfin Corp., SEC Form 10-K for the fiscal year ended December 31, 2023 |
| Exhibit BA | DX0354 | Redfin Corp., SEC Form 10-K for the fiscal year ended December 31, 2024 |
| Exhibit BB | PX2224 | Redfin Document: The state of multifamily marketing in 2025 |
| Exhibit BC | PX4162 | Redfin Corporation Q4 Earnings Call Transcript |
| Exhibit BD | PX2248 | Redfin Presentation: Rent DMS Offerings Overview |

| Exhibit No. | Trial Exhibit No. | Description |
|---|---|---|
| Exhibit BT | DX0375 | Apartment List Blog titled: "Apartment List Partners With Homes.com to Make Multi-Family Renting More Accessible (last accessed, July 26, 2026), https://www.apartmentlist.com/company-news/apartment-list-partners-homes-com-make-multi-family-renting-accessible |
| Exhibit CN | DX0385 | Exhibit 10 from the Expert Report of Dr. Gautam Gowrisankaran |