**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1638 |
| COMMONWEALTH OF VIRGINIA,<br>STATE OF ARIZONA,<br>STATE OF CONNECTICUT,<br>STATE OF NEW YORK, and<br>STATE OF WASHINGTON,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC., and REDFIN CORPORATION,<br><br>*Defendants*. | Civil Action No. 1:25-cv-1647 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Civil Rule 5 and ¶ 9 of the Protective Order, Defendants Zillow Group, Inc., Zillow, Inc., and Redfin Corporation, through their undersigned counsel, hereby respectfully submit this Memorandum of Law in support of their Motion for Leave to File Under Seal ("Motion to Seal") portions of the Stipulated Final Order For Equitable Relief ("Stipulated Final Order") and accompanying Appendices; and to further file a partially redacted version of the Stipulated Final Order on the public docket.

## INTRODUCTION

The Stipulated Final Order references the Redfin Content License Agreement ("CLA"), modifications to the CLA, and Redfin commitments under the Stipulated Final Order, all of which are Highly Confidential pursuant to the Protective Order.

Pursuant to ¶ 9 of the Protective Order (Dkt. No. 73), Defendants hereby inform the Court of the confidentiality designations of these materials and request that the Court seal portions of the Stipulated Final Order from the public docket. More specifically, Defendants respectfully request that the Court seal (1) Defendants' Nonpublic Appendices A and G, outlining Highly Confidential modifications to the Redfin CLA and Highly Confidential provisions within the original Redfin CLA, respectively, and (2) Defendants' Nonpublic Appendices D and E, outlining Redfin's Highly Confidential commitments to continue to operate the Redfin Internet Listing Service Business and hire a minimum number of salespeople under the Stipulated Final Order. Defendants seek limited redactions to these materials because they pertain to competitively sensitive current contract terms. Plaintiffs have informed Defendants that they do not oppose Defendants' request for sealing.

## ARGUMENT

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all judicial records and documents, the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citation and internal quotation marks omitted). Despite this presumption, restrictions to information may be justified when access "might . . . become a vehicle for improper purposes," such as where the records serve "as sources

of business information that might harm a litigant's competitive standing." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A business's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe* v. *Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

Before a court may seal documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft* v. *Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Here, all three requirements have been met.

***First***, public notice was provided when Defendants' Notice of Filing of Motion to Seal and Motion to Seal were filed on the public docket. The Court may provide public notice either by "[n]otifying the persons present in the courtroom of the request to seal" at the hearing or by "docketing [the sealing request] reasonably in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, when Defendants filed their Notice of Filing of Motion to Seal and their Motion to Seal in accordance with Local Civil Rule 5(C), the Court's first procedural requirement for granting a motion to seal was met.

***Second***, Defendants' sealing requests are the least drastic alternative. Defendants have not sought blanket sealing of the Stipulated Final Order and have limited their sealing requests to narrowly tailored redactions of material designated as Highly Confidential under the Protective Order. *See DSS A.S.* v. *Pacem Def. LLC*, 2025 WL 908040, at *2 (E.D. Va. Jan. 28, 2025) (approving sealing "where redactions have been applied, there are no alternatives to sealing the materials that would adequately protect the confidential business information contained therein, and the proposed redactions constitute only a small portion of the materials overall"); *Philpot* v.

*Indep. J. Rev.*, 2021 WL 5071504, at *1 (E.D. Va. Apr. 7, 2021) (granting motion to seal redacted documents filed in connection with summary judgment briefing and finding that "[t]his selective protection of information constitutes the least drastic measure of sealing confidential material"); *United States ex rel. Carter* v. *Halliburton Co.*, 2011 WL 8204612, at *3 (E.D. Va. Nov. 29, 2011) (limited redaction approved in lieu of "sealing the brief *in toto*"). All of Defendants' requests to seal are more narrowly tailored redactions and represent the least drastic measure to seal confidential and competitively sensitive material.

***Third***, sealing Defendants' Highly Confidential information is necessary to protect Defendants' competitively sensitive information including business strategy, plans, and proprietary information. *See, e.g.*, *East West LLC* v. *Rahman*, 2012 WL 3841401, at *3 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information . . . the disclosure of which would be highly likely to cause significant harm to the business competitive position of both parties"); *In re Knight*, 743 F.2d at 235 (noting that records may be sealed to prevent others from "gaining a business advantage" through materials filed with court).

**CONCLUSION**

For the foregoing reasons, Defendants request that the Court grant the Motion to Seal limited portions of the Stipulated Final Order and accompanying Appendices, and to further file a partially redacted version of the Stipulated Final Order and Appendices on the public docket.

Respectfully submitted,

Dated: August 24, 2026

*/s/ Daniel J. Richardson*
Daniel J. Richardson (VA 94961)
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
Telephone: (202) 956-7024
Facsimile: (202) 293-6330
Email: richardsond@sullcrom.com

Sharon L. Nelles (*pro hac vice*)
Jeffrey T. Scott (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: nelless@sullcrom.com
Email: scottj@sullcrom.com

Kyle W. Mach (*pro hac vice*)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone: (650) 461-5600
Facsimile: (650) 461-5700
Email: machk@sullcrom.com

*Counsel for Defendant*
*Redfin Corporation*

*/s/ Ryan A. Shores*
Ryan A. Shores (VA 65934)
D. Bruce Hoffman (*pro hac vice*)
Blair W. Matthews (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1876
Email: rshores@cgsh.com
Email: bhoffman@cgsh.com
Email: bmatthews@cgsh.com

Heather Nyong'o (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4480
Email: hnyongo@cgsh.com

Beau W. Buffier (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
31 West 52nd Street, Fifth Floor
New York, New York 10019
Telephone: (917) 412-6461
Email: bbuffier@wsgr.com

*Counsel for Defendants Zillow Group, Inc, and Zillow, Inc.*